Day, C. J.
It is claimed, on the part of the plaintiffs in error, that the findings of fact by the court may be reviewed in this case. It appears from the journal entry of the court that the “defendants moved for a new trial which was overruledbut the record does not show upon what grounds or reasons the motion was based. It may have been, for aught *that appears, for any one of the eight causes for which a motion for a new trial may be made under the 297th section of the code. But a review of findings of fact on error is authorized by the statute only when the motion is based on one of the causes enumerated in said section, viz., that the finding is against the law or evidence. S. & C. Stat. 1155. The truth of the findings of the court must then be presumed, especially as the record shows that there was evidence tending to sustain them. Westfall v. Dungan, 14 Ohio St. 213; Hoffman v. Gordon, 15 Ohio, 211.
From the evidence as spread upon the record, we are unable to ■say that the finding of the court upon the issues was not fairly ■sustained by the proof.
The finding does not seem to be- complained of but in two particulars : one in matter of fact, and the other of mixed law and fact.
It is claimed that the stock was to be returned in five years after the date of the contract. This is claimed on the testimony of a witness who, after stating the terms of the contract to be substantially as alleged in the petition, says, in addition, that both parties *249 .agreed that five years would be a reasonable time to complete the road. But looking to the whole evidence and the subject-matter -of the contract, also considering that they would not probably have agreed that a “reasonable time” should be the limit for the completion of the road, if they intended to fix it at five years, we think the court might well hold the agreement of the parties to be, that the stock should be kept until a reasonable time should elapse for the completion of the road, under all the circumstances attending its construction; and might regard what was said about its being completed ;n five years, as a mutual expression of opinion, that it would be completed by that time. This point, however, was not in issue, and may fairly be regarded as conceded by the pleadings; for it was essential to aver in the petition when a reasonable time for the completion of the road elapsed. It is accordingly alleged that it expired October 1,1862. This averment is not denied in the answer.
It is claimed that the written assignment on the certificate *of stock is conclusive that the sale was absolute and not conditional, as stated in the petition; and that, therefore, the court should have found for the defendants in the action.
No objection to any of the evidence was interposed, but it is claimed that the written assignment, in law, excluded the consideration of any evidence of a contract but that contained in the written transfer of the stock. It is true that the assignment was, on its face, absolute and without condition. The assignment was not intended to express the contract between the parties, but was a part execution of a contract that required this, with other things, to be done for a specific purpose. No effort was made to vary the written assignment. That was as the parties intended it should be. The use, however, to be made of the assignment, was to be determined by future events. Whether it was received in absolute payment of a ■debt or not, was the issue between the parties ; and proof upon this question, showing the terms'upon which it was held, did not modify the written paper.
The case of Howard v. Thomas (12 Ohio St. 201) is cited to sustain the claim of the plaintiffs in error — that the writing must control. But we think this case falls under the exception to that rule recognized in the opinion in that case, viz: “ Cases where an instrument executed is not intended to express the entire agreement of the parties, but is in execution of some distinct and separable part.”
*250 The findings of the court must, then, be taken as true.
That being the case, the defense grounded on the statute of frauda —that the promise alleged in the petition was for the payment of the debt of another — is negatived by the facts found by the court The claim sued upon was the debt of the decedent, and not that of another.
The further claim under that statute — that the contract stated in the petition was not to be performed within a year — is also negatived by the facts found, as it is, virtually, by the pleadings themselves. The most that can be claimed, is that it was not likely to be performed in a year; but it was clearly susceptible of performance within that time. The road might have been abandoned within a year, and thus a reasonable time to wait for its completion would have expired. There *was, surely, nothing in the contract that fixed the time of performance beyond a year. It is well settled, by the authorities upon this point, that the contract was not within the statute of frauds. Browne on Frauds, 279, sec. 273, et seq., and authorities there cited. Moreover, the suit being for the purchase money of the land, and the contract having been fully performed on the part of the vendor, the statute did not apply.
The claim that the action was barred by the limitation of one-year provided in section 228 of the “ act to provide for the settlement of the estates of deceased persons ” (S. & C. Stat. 610), is de feated by the facts found by the court; for the action accrued October 1, 1862, and was commenced in less than four months, viz: on the 8th day of January, 1863.
The only remaining error claimed is, that there was no legal answer for the infant defendants, because the answer of the guardian-does not expressly deny the allegations of the petition, as he is required to do by the 100th section of the code. But the guardian answered, stating that the infants were ignorant of the matters in controversy, and prayed the protection of the court; and, whether the legal effect of the answer was or was not, under said section, a denial of the averments in the petition, and sufficient to put the plaintiff upon proof, it is fairly apparent from the record that it was treated by the court as a denial of the petition; so that the infants were not prejudiced by the want of a formal denial. The error, if any there was, existed in form only, and, under the code, is not to be regarded.
But this objection was not assigned for error in the district court, *251 and, for that reason, npon the authority of Davis v. Hines (6 Ohio St. 473), this court might very properly refuse to consider it, or to reverse the judgment of the district court upon a point that court might, but were not bound, to consider.

Judgment of district court affirmed.

White, Welch, Brinkerhoee, and Scott, JJ., concurred.